UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALWIN SMITH, | ) | Case No. EDCV 17-272 SVW(JC) |
| Petitioner, | ) | |
| | ) | ORDER DISMISSING PETITION |
| v. | ) | FOR WRIT OF HABEAS |
| | ) | CORPUS AND ACTION |
| S. HATTON, | ) | WITHOUT PREJUDICE |
| | ) | |
| Respondent. | ) | |

**I.    SUMMARY**

On February 14, 2017, petitioner Alwin Smith ("petitioner"), a California prisoner who is proceeding *pro se*, formally filed a Petition for Writ of Habeas Corpus ("Current Federal Petition") and an Election Regarding Consent to Proceed Before a United States Magistrate Judge which reflects that he voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case, decide all dispositive and non-dispositive matters, and order the entry of final judgment.[1]  The Current Federal Petition challenges a judgment in Riverside

---

[1]"Upon the consent of the parties," a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." 28 U.S.C. § 636(c)(1).  Here, petitioner is the only "party" to the proceeding and has consented

(continued...)

1 County Superior Court Case No. RIF091436 ("State Case" or "State Conviction").
2 (Petition at 2, 5-6).  More specifically, petitioner appears to contend that his
3 sentence in the State Case was improperly enhanced by certain prior convictions
4 based upon impermissibly vague state statutes which defined such prior
5 convictions as violent and serious felonies.  (Petition at 5-6).

6       Based on the record (including facts as to which this Court takes judicial
7 notice as detailed below) and the applicable law, the Current Federal Petition and
8 this action are dismissed without prejudice for lack of jurisdiction because
9 petitioner did not obtain the requisite authorization from the Court of Appeals to
10 file a successive petition.  Further, the Clerk of the Court is directed to refer the
11 Current Federal Petition to the United States Court of Appeals for the Ninth Circuit
12 ("Ninth Circuit") pursuant to Ninth Circuit Rule 22-3(a).[2]

13 ///
14 ///
15 ///
16 ///

---

[1](...continued)
to the jurisdiction of the undersigned U.S. Magistrate Judge.  Respondent has not yet been served and therefore is not yet a party to this action.  See, e.g., Travelers Cas. & Sur. Co. of Am. v. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." (internal quotation marks and citation omitted).  Thus, all parties have consented pursuant to § 636(c)(1).  See Wilhelm v. Rotman, 680 F.3d 1113, 1119–21 (9th Cir. 2012) (holding that magistrate judge had jurisdiction to sua sponte dismiss prisoner's lawsuit under 42 U.S.C. § 1983 for failure to state claim because prisoner consented and was only party to action); Carter v. Valenzuela, No. CV 12-05184 SS, 2012 WL 2710876, at *1 n.3 (C.D. Cal. July 9, 2012) (after Wilhelm, finding that magistrate judge had authority to deny successive habeas petition when petitioner had consented and respondent had not yet been served with petition).

[2]Ninth Circuit Rule 22-3(a) provides in pertinent part:  "Any petitioner seeking authorization to file a second or successive 2254 petition . . . in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C. § 2254 . . . .  If a second or successive petition . . . is mistakenly submitted to the district court, the district court shall refer it to the [C]ourt of [A]ppeals."

## II. PROCEDURAL HISTORY[3]

### A. State Proceedings

In November 2000, a Riverside County Superior Court jury found petitioner guilty of one count of second degree robbery (Cal. Penal Code § 211) and one count of possession of cocaine (Cal. Health & Safety Code § 11350). Upon petitioner's waiver of his right to a jury trial on enhancement allegations, the trial court found true allegations that petitioner had suffered four prior strike convictions (Cal. Penal Code §§ 667(c), 667(e), 1170.12(c)), three prior serious felony convictions (Cal. Penal Code § 667(a)), and two prior prison terms (Cal. Penal Code § 667.5(b)). The trial court sentenced petitioner to a total of 65 years to life, which consisted of two 25-years-to-life terms for each current offense and three five-year terms for each serious felony enhancement.

On January 11, 2002, the California Court of Appeal affirmed the judgment, but directed that the abstract of judgment be modified to (1) reflect that the trial court sentenced petitioner to three five-year terms for the prior serious felony enhancements (Cal. Penal Code § 667(a)), rather the prior prison terms (Cal. Penal Code § 667.5(b)); and (2) strike the prior prison term enhancements which the trial court had merely stayed. On March 20, 2002, the California Supreme Court denied review.

---

[3] The facts and procedural history set forth in this section are derived from the Current Federal Petition and dockets/court records in the following cases of which this Court takes judicial notice: (1) California Court of Appeal, Fourth Appellate District, Division 2 ("Court of Appeal") Case Nos. E029436, E032515, E039019, E050663, E051855, E055458, E059306, and E059539; (2) California Supreme Court Case Nos. S104382, S111043, S141713, S153286, S167610, S185542, S200678, S221457, and S237600; (3) Central District of California Case No. EDCV 04-270 SVW(JWJ) ("First Federal Petition" or "First Federal Action"); (4) Ninth Circuit Case No. 07-55154 ("First Ninth Circuit Action"); (5) United States Supreme Court Case No. 08-6282 ("Supreme Court Action"); (6) Ninth Circuit Case No. 10-73667 ("Second Ninth Circuit Action"); and (7) Ninth Circuit Case No. 11-71490 ("Third Ninth Circuit Action"). See Fed. R. Evid. 201; United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (court may take judicial notice of court records).

Petitioner thereafter sought, and was denied collateral relief in the Riverside County Superior Court, the California Court of Appeal, and the California Supreme Court.

### B. First Federal Action, First Ninth Circuit Action, and Supreme Court Action

On March 9, 2004, petitioner filed the First Federal Petition challenging the State Conviction on the multiple grounds. On March 21, 2006, the assigned Magistrate Judge issued a Report and Recommendation recommending that the First Federal Petition be denied on the merits. On August 10, 2006, the assigned District Judge adopted the Report and Recommendation, denied the First Federal Petition, and dismissed the First Federal Action with prejudice. Judgment was entered accordingly the next day.

On April 3, 2008, the Ninth Circuit denied petitioner's request for a certificate of appealability in the First Ninth Circuit Action. On June 24, 2008, the Ninth Circuit denied petitioner's motion for reconsideration.

On November 10, 2008, the United States Supreme Court denied petitioner's petition for a writ of certiorari in the Supreme Court Action.

### C. Second Ninth Circuit Action

On February 8, 2011, the Ninth Circuit denied petitioner leave to file a second or successive petition in the Second Ninth Circuit Action.

### D. Third Ninth Circuit Action

On August 8, 2011, the Ninth Circuit denied petitioner leave to file a second or successive petition in the Third Ninth Circuit Action.

### E. Current Federal Petition

As noted above, on February 14, 2017, petitioner filed the Current Federal Petition which again challenges the judgment in the State Case. The record does

///
///

not reflect that petitioner has obtained authorization from the Ninth Circuit to file the Current Federal Petition in District Court.[4]

### III. DISCUSSION

Before a habeas petitioner may file a second or successive petition in a district court, he must apply to the appropriate court of appeals for an order authorizing the district court to consider the application. Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)). This provision "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996); see also Reyes v. Vaughn, 276 F. Supp. 2d 1027, 1028-30 (C.D. Cal. 2003) (discussing applicable procedures in Ninth Circuit). A district court lacks jurisdiction to consider the merits of a second or successive habeas petition in the absence of proper authorization from a court of appeals. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (citing United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998)), cert. denied, 538 U.S. 984 (2003).

The court of appeals may authorize the filing of a second or successive petition only if it determines that the petition makes a prima facie showing that at least one claim within the petition satisfies the requirements of 28 U.S.C. Section 2244(b), *i.e.*, that a claim which was not presented in a prior application (1) relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim would be sufficient to establish that, but for constitutional errors, no reasonable factfinder would have found the applicant

///

---

[4] A search of the court's PACER system does not reflect that petitioner has been granted leave to file a second or successive petition by the Ninth Circuit and instead, as noted above, reflects that he has twice been denied such leave.

guilty of the underlying offense. <u>Nevius v. McDaniel</u>, 104 F.3d 1120, 1120-21 (9th Cir. 1997); <u>Nevius v. McDaniel</u>, 218 F.3d 940, 945 (9th Cir. 2000).

     A second or subsequent habeas petition is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason, rather than on the merits. See <u>Slack v. McDaniel</u>, 529 U.S. 473, 485-487 (2000) (second habeas petition not "successive" if initial habeas petition dismissed for failure to exhaust state remedies); <u>Stewart v. Martinez-Villareal</u>, 523 U.S. 637, 643-645 (1998) (second habeas petition not "successive" if claim raised in first habeas petition dismissed as premature); but see <u>McNabb v. Yates</u>, 576 F.3d 1028, 1030 (9th Cir. 2009) (dismissal on statute of limitations grounds constitutes disposition on the merits rendering subsequent petition "second or successive"); <u>Henderson v. Lampert</u>, 396 F.3d 1049, 1053 (9th Cir.) (dismissal on procedural default grounds constitutes disposition on the merits rendering subsequent petition "second or successive"), <u>cert. denied</u>, 546 U.S. 884 (2005); <u>Plaut v. Spendthrift Farm, Inc.</u>, 514 U.S. 211, 228 (1995) (dismissal for failure to prosecute treated as judgment on the merits) (citations omitted).

     Petitioner's First Federal Petition was denied on its merits – not for a technical or procedural reason. Accordingly, the Current Federal Petition is successive. Since petitioner filed the Current Federal Petition without authorization from the Ninth Circuit, this Court lacks jurisdiction to consider it.

**IV.  ORDER**

     IT IS THEREFORE ORDERED that the Current Federal Petition and this action are dismissed without prejudice. The Clerk of the Court is directed to refer the Current Federal Petition to the Ninth Circuit pursuant to Ninth Circuit Rule 22-3(a).

DATED: February 17, 2017

                                                /s/
_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE